Case number 16-1982, City of Rockford v. Caleb Sower et al. and Fred Hack et al. Argument not to exceed 15 minutes per side. Ms. Masterson, you may proceed for the appellant. May it please the court, Mary Massaran on behalf of the plaintiff appellant in this case, the City of Rockford, I would like to reserve four minutes for rebuttal. I don't think it's the light system, or it's not on, or maybe the lights. Oh, the light, you know, I usually wait till they start their argument. Okay. We have a very long docket this morning. She's running a tight ship. So everybody will just bear with us. I'm going to try to not look down at the breeze and not see the red light or whatever, so. The issue here is whether the federal courts have subject matter jurisdiction to protect the judgment entered in an earlier, the original case, from collateral attack in a state court. And it's our position that this court does have ancillary jurisdiction to effectuate its judgments, including consent judgments. There are any number of cases that stand for that proposition. One of the cases we cited was Northridge Church, which is a decision from this court that we think is controlling. Individuals in the second federal suit, or entities, the jurisdiction is based on the jurisdiction in the original suit and the entry of judgment in the original case. And the Supreme Court told us that in the local loan company case, which is also cited in the briefs. Here, it's unquestionably the case that the constitutional claims under 42 U.S.C. 1983, involving an attack on the city's zoning under various theories, constitutional theories. A consent judgment, unlike a mere settlement agreement with a stipend dismissal, gives rise to ancillary jurisdiction because by entering the consent judgment, the And that's really the basis of our position. Well, I mean, you really have to show two things. I mean, not just jurisdiction, but entitlement to an injunction, or actually that the district court had the power to issue an injunction, notwithstanding the Anti-Injunction Act. So, why do you think you can get around the act? Let's say you have jurisdiction. The Anti-Injunction Act has a very clear exception for re-litigation. In this case, squarely false. You know that this case, it's a little hard to fit this case within the re-litigation exception, when in fact, the folks who are suing in state court were denied permission to intervene in this court, in the district court, and didn't specifically, did not have their issues resolved. Well, let me try to respond to that in three ways. First of all, the individuals who tried to intervene in this case had every right to file an appeal and to challenge the determination about whether they were properly denied their right to intervene. They chose not to do that. What in the Anti-Injunction Act says that matters? Under the Anti-Injunction Act, it seems to me, there are cases which allow that exception to apply to non-parties. And this goes back to the notion that when you have an entity or an agency which is legally obligated to represent individuals, such as citizens, in that circumstance, the non-parties are going to be bound by the injunction. Is there any case where, you know, I mean, your argument, as I recall it from your brief, is this elected body represents these people, ergo, we hold these people are bound by the judgment to which the elected body consented. Is there any case that you can point us to? Because I think there's a DC Circuit case that would go the other way. Is there a case you can point us to that would support this elected representatives theory of binding non-parties? I would point to the Michigan case, which I know is not controlling, but certainly applied this rationale, Bayer versus Verizon. I would point to the Restatement of Judgment, Section 41, and particularly the comment. And it talks about where parties have a legal relationship so that parties in the first suit are accountable for representing non-parties. Is this really, I don't know if it's a legal relationship. Well, what you have is a... You oppose somebody at every turn and they get elected and now you have a legal relationship. Absolutely, the city, the delegated, properly elected officials of the city, and the citizens. But except that even if that could sometimes be true, in this particular case, the city settled the case on terms that were clearly not representative of the position and the interest of the plaintiffs in state court. Nonetheless, and I think . . . I mean, it's a . . . folks have recourse against their government, and in this case, the plaintiffs in state court are now seeking it, and they were denied the opportunity to obtain recourse in the district court in the first instance. Folks have recourse against their government, that's unquestionably true, and these plaintiffs had recourse. They could have taken an appeal. Furthermore, they could have come into federal court under Rule 60B and sought to change the judgment was in some way. That's a high standard, I recognize, but what is not permissible in our constitutional system of dual courts is to have a valid judgment, a judgment that is validly entered by a federal court with all of the authority of the federal court behind it, and then go into state court. And I think it's important to look at their complaint. This is not a complaint where they are raising individual rights, individual constitutional claim, or anything of that nature. What the complaint does is simply collaterally attack the federal court judgment. What they say is, we think the judgment is wrong. We think the judgment is void. We think the state court should overturn the judgment. That can't be the right answer. I don't really see how this happened. I mean, ordinarily, when you are dealing with litigation that's going to end in a consent decree, you have to take care of interested parties who are, you have to procedurally take care of them in some way so that they can be heard in opposition to the settlement and in opposition to the consent judgment. I mean, that's been happening for decades in the federal courts, but that didn't happen here. In the context of class actions, for example, there is a whole settlement procedure. In the context of settling constitutional claims, the city provided the process. This was... Particularly in light of the efforts to intervene, you know, that's Judge Gibbons' point is even more, we should note it more, in those folks who tried to intervene are the ones who went to state court, right? That's correct. Right. Why weren't they taken care of? They were, they sought to intervene. They certainly were aware of... In the mediation, though, that wasn't considered, apparently. The dissenting neighbors were not encompassed in the mediation, the settlement. Because the district court concluded, and this is not unique to this case, there are cases, and I'm sorry we didn't brief it, in which residents seek to intervene in land use disputes, and the courts have sometimes allowed it, but often they have said, your interests are common public interests. The common public interests are being handled by the government. We're not going to allow you to intervene. And presumably that's what the district court was thinking here. And that, again, underscores the point that I'm trying to make, which is consistent with the restatement of judgments. The U.S. Supreme Court discussed it in a particular context in the Washington State versus Washington Commercial Fishermen Association, and there, again, there was an effort to get around something, and the court said, no, the state of Washington was representing all of these individuals, and so therefore it's proper to bind them. And I think that that is true here. The relitigation exception also requires that the issue was actually litigated, correct? That is correct, and the issue that's been raised in the state court is not some new or different constitutional... Raised and litigated are two different things, you know, and there was no adjudication of the Section 1983 claim. I mean, there's none that one can see in the record. The district court said there was no merits adjudication of the 1983 claim. There just wasn't here. The district court said, and I think this is correct, that the discussion about the supermajority requirement was not a part of the discussion in the district court when the consent judgment was entered. But the consent judgment is a very regarding settlement of the original... Well, basically, there was nobody in the district court who could have challenged whether the court should have approved the consent judgment based on the asserted violation of law. That is because the person in the federal court, the entity in the federal court representing the citizens, was the city, the government. And if you think about it... Which chose to settle on terms that arguably were in direct contravention of the requirements of the law. Well, the term... No, we don't know... Respectfully, I would not agree with that characterization at all. In the this sense, you have a claim. A claim which, if the city proceeded through trial and lost, they could easily be on the hook for millions of dollars plus attorney fees. And there are other cases in which that has happened regularly in this court and in other courts. Good morning. May it please the court, my name is Mike Homier, and I represent the defendants' appellees. And I could have thought of ten different ways in which to spend my birthday today, but this was it. So I want to start out by commending Ms. Masseron. She's certainly a skilled lawyer. The problem, of course, is that she was not involved with this case. And I've been involved with it since day one. I say that only to provide the panel some context. I take it her clients were. They were the intervener, the hopeful interveners? Well, no. I have the hopeful interveners. And that's why it's important to my clients sought to intervene in this case was because they believed that the city might try and engage in some settlement negotiations which might rezone the property. What happened here when my clients sought to intervene, Judge Neff said, well, we're not going to let you intervene because you essentially won. You required a protest petition. The city could not obtain a two-thirds majority vote, and so the property was not rezoned at that time. Subsequently, the developer filed suit against the city. We tried to intervene in that case on that basis, and Judge Neff said, you won. They didn't rezone the property. You won. I don't understand that reasoning. At that point, she . . . They were trying to change the winning outcome. The developer had sued, but the city really, other than answering, had not done anything. But you're right. I believe we still had an interest in it. Judge Neff disagreed, and it was arguable under the Providence Baptist case whether or not our rights had expired at that point. Ms. Masseron says, well, we need to appeal from that decision. Well, I don't think we do. First of all, it's arguable whether or not she was correct or not, but second, that was not the action from which we're now filing suit in state court. What happened subsequent to that, after we were The city and the developer, we believe, colluded. The whole thing, we believe, was collusion because the city really wants this development. I get it. But what happened then was the city and the developer agreed to rezone the property, and they go to a meeting where the city council is going to approve this. They go into a closed session. They don't disclose the contents of any settlement agreement to anybody at that time. They come out of closed session. They provide no notice, no hearing, no opportunity for us to file another protest petition, and they rezone the property. And they can't get the two-thirds majority vote otherwise required by statute. They just agreed to the settlement agreement, right, to approve the settlement agreement in that closed session? That's correct. So that agreeing to a settlement agreement isn't subject to the two-thirds requirement, and that's kind of the move they made here? That's the way around the statute. That's exactly right. And again, with no notice, no hearing. Now, the issue is whether it's a legislative action. It clearly is. I mean, if you look at the Michigan Zoning Enabling Act, it says we have to file a protest petition before final legislative action. We did that the first time around, and then what they've done is circumvent the statute, disenfranchise the public, and now we have no notice, no opportunity. We were left with only one choice, and that is it's a pure state zoning law claim to file in circuit court to say that the, not a collateral attack on the consent judgment, but that the city's approval of any settlement agreement at that meeting was unlawful. You cannot legislatively by contract agree or by settlement agree to rezone property because it denies my clients the due process, the protest petition, the hearing, all of those things that go along with that under Michigan statute. What is the time frame here? The time frame for . . . Well, I mean, how did you learn about the rezoning in the terms of the consent judgment, and then what happened next and when you . . . I mean, was it a pretty quick thing? We learned of the contents of the consent judgment after it was filed with the court, and then not long after that, we filed suit. There were some other plaintiffs who joined who were not plaintiffs in the original intervention who joined, and then we filed suit in circuit court. In circuit court, I think it's important for the court to know that the circuit court judge saw what was going on, declined to do anything about it at that point because he was concerned about the comedy between the state and the federal courts. That's when we went back to Judge Neff, and Judge Neff said, I don't have jurisdiction over this case. The All Writs Act doesn't give me jurisdiction. There's no ancillary proceeding because the prior case was closed. There was no retention of jurisdiction, and all the counts have been dismissed. Would you agree that . . . I mean, would you agree that the federal court in this case that we're hearing the appeal in does have ancillary jurisdiction, but your argument would be that the Anti-Injunction Act prevents the court from getting a particular kind of relief, and so the dismissal should have been failure to state a claim rather than want of jurisdiction. Well, I submit that it's both. Let's talk about the jurisdiction issue. The ancillary jurisdiction is ancillary to what? Because again . . . To the first case. To the court's own judgment. My argument is that I am not collaterally attacking the consent judgment. What I'm doing is that we're intervening acts between when we intervened that gave rise to purely state court claims that then we filed in circuit court, Kent County Circuit Court. We've cited this case in our brief on the . . . I think it's Nyck or the very same facts, and the court in that case said, we don't have jurisdiction because there really is no ancillary proceeding. That case has been closed, and so now we're looking at a purely state court matter having to do with actions of the city council itself. The local loan case from the Supreme Court, granted it's from 1934, but it seems like it's still good law. I mean, it says the court has jurisdiction to enforce its own judgment irrespective of whether the court would have had jurisdiction if this suit were brought as an original one. And that makes sense. I mean, if somebody's attacking a federal court judgment, the court has jurisdiction to see if that attack is actually happening and to enforce it if necessary. So the court could have . . . I mean, it has a judgment here. It would have jurisdiction to see if in fact it's being undermined in some way that's not permissible, but your argument would be no . . . I'm just trying to see if we can narrow this a little bit. Yeah, and I think it's arguable, but I would also . . . the local loan case also said, the present case is not within the jurisdiction of state court, but is a dependent suit brought to vindicate decrees of a federal court of bankruptcy entered in the exercise of a jurisdiction essentially federal and exclusive in character, and it is that situation to which we address ourselves and to which our decision is confined. So I think the local loan case . . . It's not a bankruptcy case, I'll grant you that. Right. And so the point is, if we're talking about exclusive federal jurisdiction, I get it, but we're not. We're talking about purely a state zoning matter under the Michigan Zoning Enabling Act. I mean, what about the federal judgment says it's going to be changed from R2 to PUD, and now you guys seek a declaration that it goes from . . . that it's R2, not PUD. I mean, should we be concerned as a federal court that dignity of the federal courts is being eroded here by this sort of brazen unwinding of that R2, PUD business? I think what the court should be more concerned about is the fact that, in my opinion, the by entering a judgment which is clearly unlawful under state law. And so now the burden is on federal district court judges to determine whether each and every provision is lawful under state law. Let's kind of play out this scenario. Let's say that you prevail today. Let's say your litigation is not enjoined. Let's say you go forward with your litigation. Let's say you win, okay? At that point, what happens? It's a good question. And I don't pretend to have all of those answers yet. I know that when this issue was raised with Judge Neff, Judge Neff, I think correctly so said, the circuit court is more than capable and competent to handle this issue on the zoning issue. We didn't litigate the zoning issue in federal court. I don't know what that does then to the federal judgment, which sort of gets back to this whole notion that the city says, well, we could have raised or brought a motion for relief from judgment. We're not parties. We weren't parties. The city is ... It's pretty tough to bring 60B if you're not a party. It is. And the city has consistently fought us in trying to help them either defend this case or get in this case showing the problems with the proposed development. It's not as if our interests are aligned in any way, shape, or form. If anything, they've maligned my clients over and over and over. Now, my clients believe that the development is way too dense for the area that it's in. But they have an opportunity then to voice their concerns in the proper forum. And in this case, it just happens to be federal court or state court. I would have been fine intervening in the case and litigating those in the federal court, but we weren't given the opportunity. But it was ... You've gotten an injunction in state court barring them from issuing any permits, correct? Not only did we get an injunction, but the court of appeals denied an application for an interlocutory appeal. Now, the city has filed an application for leave to appeal to the Supreme Court. But I would suggest I'm not sure they're going to be successful there either. And that's because you cannot legislate by contract. It deprived my clients of their opportunity. Not only their opportunity to notice and hearing, but an opportunity to file another protest petition if they thought it was advisable. Like I said, when they approved the rezoning by way of approving this settlement agreement, they couldn't muster the two-thirds majority vote again. So they had at least two council members who believed that it was wrong to. Well, I didn't write Michigan law, but there are protections in there for people who may disagree, and that is for the public to come out and talk and say, these are our concerns. And certainly that wasn't adhered to the second time around. The city and the developer, again, we believe colluded from the beginning. This was a sham lawsuit, and it was done to avoid this two-thirds majority. All we're asking for is our day in court. That's all. If you have any other questions, I'd be happy to answer them. Thank you. Let me try to make a couple of points. I know we're on a tight schedule. First, I have avoided saying much about the ad hominem attacks that have permeated the brief, but they have been so intense this morning, I simply want to say there's nothing in the record to support collusion or anything of that type, and it's not an appropriate basis for decision here. Secondly, the minutes of the meeting at which the consent judgment settlement was approved at an open meeting of the city show that Sauer, at least, was present because he made comments during the public part of the hearing. Now, to be sure, there was no hearing on the settlement, but the terms of it were all disclosed. This is not a question of... The deliberation about it was not. That's a question. Correct. Correct, because under the Michigan Open Meetings Act, discussions of settlement are properly held in closed session for obvious reasons. If the settlement is not approved, the city will have given its strategy, revealed the amount of risk it feels, and all sorts of other things, and that's the way it's handled. This is not like the Inverness case, which the plaintiffs cite. In that case, the consent judgment delegated authority without any particularity for five years into the future, and the court said, that's not appropriate. That's not this case. This is a case in which, in the course of litigation, as to which there was substantial risk of an adverse outcome with a great deal of adverse consequences to the city, the parties engaged in a lengthy mediation, and out of that mediation came out with a settlement which changed the zoning in some ways, required all sorts of environmental amelioration, and that settlement was properly approved by the city under Michigan law. Did the city oppose their intervention? I believe it did. That would seem to be sort of the flaw in this narrative. I mean, you know, we kind of came together, we're in a tough spot. Well, I mean, if you have a bunch of citizens who are directly affected, and you're going to get sued by them, then they shouldn't have opposed the intervention. They should have brought them in, made them part of the mediation, and work it out there, and not doing that creates a problem, especially when we have real limits on adjoining state courts. Strategically, it may create a problem, but legally, the city can take the position . . . Well, what it does, I mean, you proceed that way at your own risk in this kind of litigation, and frankly, so does the district court proceed at its risk that there are going to be issues down the road. I mean, everybody should have seen this coming, and it, you know, I mean, it was not . . . it's not a surprise that you're here. Which is why the plaintiffs should have taken an appeal from that. You know, that's a real tough road. I have never . . . Certainly. I've never seen a successful appeal to a denial of a motion to intervene, and I've dissented from one or two. It's tough. Had they done that, they could have raised these issues they're now raising in state court, and this court would have had the opportunity without the friction and the potential for two judgments, one from a state court and one from a federal court, both instructing the city that the zoning is two completely inconsistent things. That's a problem. And it is a problem in terms of undermining this court's authority and its judgments. The proper way to attack them is to come back to the federal courts, not to try to get the state courts to override the federal courts. I think your time is up. In fact, I know it's up. We thank you both for your argument, and we'll consider the case carefully. Thank you.